UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| WILLIE C. ENGRAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00133-WTL-DLP |
| | ) | |
| J. E. KRUEGER, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner Willie C. Engram, a federal inmate currently housed at the U.S. Penitentiary, located in Terre Haute, Indiana, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He argues that he is entitled to relief because the Superior Court and Appellate Court for the District of Columbia have refused to entertain or rule on his motions for collateral relief, and in any case the District of Columbia lost jurisdiction in 1981. He further argues that the United States Parole Commission has violated his due process rights by refusing to grant him a parole hearing even though he has been incarcerated for over 45 years. Finally, he argues he is actually innocent. For the reasons explained below, his petition is **denied**.

### I. Factual and Procedural Background

Engram's § 2241 petition relates primarily to his 1976 convictions in the District of Columbia for rape and assault. However, the Court will discuss his full criminal history beginning approximately 1972 onwards as it is relevant to the disposition of this petition.

### A. D.C. Burglary and Assault (Docket 7485-73)

Engram was paroled on October 19, 1972, from his sentence for unauthorized use of a motor vehicle and robbery. Dkt. No. 20 (sealed) at 14. According to the presentence report (PSR),

on November 9, 1972, at approximately 2:00 a.m., Engram arrived at the D.C. apartment of Paula Gaffney. Gaffney answered the door and recognized Engram as being a friend of her cousin. She admitted Engram into her home and Engram, along with four other men, entered. All four men displayed handguns. One of the suspects ripped Gaffney's telephone from the wall, while another pressed a handgun to her chest and asked where she kept her money. Engram and the other suspects ransacked Gaffney's home. During their search, they brought Gaffney's six-year-old son down from an upstairs bedroom, placed a handgun to the young boy's head and threatened to kill him in front of Gaffney if she did not reveal the location of her hidden money. Engram and his co-defendants left shortly thereafter after threatening Gaffney with physical harm if she contacted the police. *Id.* at 13.

Engram was arrested approximately two weeks later. *Id.* He posted bond and was released from custody on July 24, 1973, while he awaited his trial. Dkt. No. 19-1 at 3.

Engram was charged with burglary I while armed, assault with intent to commit robbery, and two counts of assault with a deadly weapon. Dkt. No. 20 at 10. A jury found him guilty on all counts. Dkt. No. 20 at 32. On October 26, 1973, he was sentenced to three to nine years' imprisonment on each count to run consecutive to each other. *Id.*

In addition, in December 1973, the District of Columbia Board of Parole revoked Engram's parole for his robbery and unauthorized use of motor vehicle convictions and ordered that he serve the remainder of his sentence (approximately 1,457 days). *Id.* at 25-26; Dkt. No. 19-2.

**B.     D.C. Rape and Assaults (Docket 73988-73)**

On July 29, 1973, only five days after posting bond on his November 1972 offense, Engram and Keith Gaffney went to an acquaintance's apartment where Engram raped Janice Wade at gunpoint and shot Barbara Owens in the chest. Dkt. No. 20 at 24-25. After being shot, Owens

crawled to a phone and attempted to call for an ambulance, but Engram took the phone from her hand. Engram and Keith Gaffney also robbed Melvin McAdory, who was also at the apartment. Engram then kidnapped Wade, drove her to another location and raped her a second time. Wade was released shortly thereafter.

Later, while at the hospital, Owens identified Engram to the police. She stated that Engram had just been released from jail the preceding week. McAdory viewed a photo lineup and also identified Engram as being the one that shot Owens and robbed him. The police went to the D.C. jail and discovered that, consistent with Owens' story, Engram had just been released from custody the week before. Police went to Engram's home and, after finding him hiding in a basement, arrested him.

In August of 1976, Engram was convicted by a jury of: assault with intent to commit rape while armed, assault with intent to kill while armed, two counts of armed robbery, two counts of rape while armed, kidnapping, and carrying a pistol without a license. Dkt. No. 19-3. He was sentenced to an aggregate sentence of 60 years to life imprisonment. *Id.* at 2; Dkt. No. 20 at 32.

Engram filed an interlocutory appeal concerning whether the criminal and arrest records of some of the prosecution's witnesses were discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963). *United States v. Engram*, 337 A.2d 488 (D.C. Court of Appeals May 14, 1975). Engram also appealed his conviction, arguing that he was denied a speedy trial, that the trial court failed to voir dire the jury concerning newspaper publicity and that the arrest and conviction records of government witnesses were not produced prior to trial. *Gaffney v. United States*, 421 A.2d 924, 925 (D.C. 1980). He appealed his sentence arguing that "the sentencing judge 'was not sufficiently familiar with the facts of the case to be able to render an appropriate sentence.'" *Id.* Engram's conviction and sentence were affirmed. *Id.*

### C. 1975 Inmate Assault (Docket 75-284)

On March 17, 1975, while housed at the District of Columbia's Lorton Prison Complex and serving his parole violation and D.C. sentences, Engram assaulted a fellow inmate. He pleaded guilty to assault with a dangerous weapon and was sentenced to a consecutive 10-year term of imprisonment. Dkt. No. 20 at 7, 33.

### D. 1983 Lorton Correctional Offense (Docket 83-269-A)

On February 1, 1983, while housed at the Lorton Prison Complex and serving his federal and D.C. sentences, Engram was involved in the kidnapping and assault of correctional officers. He was found guilty by a jury in the Eastern District of Virginia. The federal district court imposed an aggregate sentence of 10 years' imprisonment to run consecutive to all his prior sentences. Dkt. No. 19-4; *see also* Dkt. No. 20 at 10-21. The Fourth Circuit affirmed his conviction. *United States v. Lorick*, 753 F.2d 1295 (4th Cir. 1985).

### E. 1991 Lewisburg Penitentiary Offense (Docket 4:91-cr-229)

Engram's most recent offense occurred at the United States Penitentiary in Lewisburg, Pennsylvania. He was charged in the U.S. District Court for the Middle District of Pennsylvania with possession of a knife in violation of 18 U.S.C. § 1791. According to the PSR, correctional officers found a knife in Engram's waistband. Guards had searched Engram after it was reported that he had brandished a knife while trying to solicit another inmate for sex. Dkt. No. 20 at 29-30. A jury found Engram guilty. He was sentenced to 60 months' imprisonment, consecutive to all his prior sentences. In total, the aggregate of Engram's consecutive sentences is well over 45 years.

### F. Post-Conviction Proceedings

On September 22, 1997, Engram filed a petition for writ of habeas corpus in the District of Columbia. Dkt. No. 19-8. The District of Columbia Superior Court denied the motion on March 20, 1998.

On June 19, 2017, Engram filed in the District of Columbia Superior Court a second petition for writ of habeas corpus and a motion for DNA testing of evidence concerning his 1976 rape conviction. Dkt. No. 19-9. The petition and motion were denied on April 6, 2018. *Id.* at 2. Engram filed a motion to reconsider, which was denied. *Id.* Engram appealed on June 12, 2018. The case remains pending in the District of Columbia Court of Appeals. *See* District of Columbai Court of Appeals, Case Information for No. 18-CO-0658: https://efile.dcappeals.gov/public/caseView.do?csIID=62158 (last visited May 14, 2019).

On March 16, 2018, Engram filed the pending § 2241 petition.

## II. Discussion

Engram seeks relief pursuant to 28 U.S.C. § 2241 arguing that he is entitled to relief because the Superior Court and Appellate Court for the District of Columbia have refused to entertain or rule on his motions for collateral relief, and in any case the District of Columbia lost jurisdiction in 1981 when he was transferred to a correctional facility in Illinois. Additionally, he argues he is actually innocent because the primary witness to the rape convictions agreed to provide false testimony to have charges against her dropped, and the sentencing judge was unfamiliar with the case when sentencing him. He further argues that the United States Parole Commission has violated his due process rights by refusing to grant him a parole hearing even though he has been incarcerated for over 45 years. Each of the issues are discussed below.

### A. D.C.'s Alleged Refusal to Entertain or Rule on his Motions for Collateral Relief

Engram first argues that the Superior Court and Appellate Court for the District of Columbia have refused to entertain or rule on his motions for collateral relief and argues that delay of a post-conviction remedy may be a violation of his due process rights.

First, the Superior Court already ruled on and denied his petition on April 6, 2018, shortly after the filing of this § 2241 petition. Dkt. No. 19-9 at 2. His appeal is currently pending before the Court of Appeals for the District of Columbia and has been set for calendaring.

Second, a court may properly issue a writ of mandamus only when three elements are present: (1) the petitioner has a clear right to the relief sought; (2) the respondent has a plainly defined and peremptory duty to do the act in question; and (3) no other adequate remedy is available. *Ahmed v. Department of Homeland Sec.,* 328 F.3d 383, 387 (7th Cir. 2003); *Americana Healthcare Corp. v. Schweiker*, 688 F.2d 1072, 1084 (7th Cir. 1982). None of the elements required to obtain mandamus relief are present in this case.

First, it is a well-established principle that a district court cannot compel a sister court to act. *Atchison v. U.S. Dist. Courts*, 240 F. Supp. 3d 121, 126 n.6 (D.D.C. 2017); *see also United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts").

Second, Engram had another adequate remedy available to him. To the extent he seeks a writ of mandamus to compel the Superior Court for the District of Columbia to expeditiously issue a ruling, he could have filed a petition for a writ of mandamus with the Court of Appeals for the District of Columbia.

Accordingly, no habeas relief is available to Engram on this ground.

B.     **Parole Hearing**

Engram next argues that he is entitled to a parole hearing because he has been incarcerated for over 45 years. Dkt. No. 1 at 5. In response, the United States argues that Engram is not entitled to an initial parole hearing because he has not yet served the minimum sentence required to be eligible for a hearing under 18 U.S.C. § 4205. Dkt. No. 19 at 8-10. In reply, Engram raises several challenges, including that his 1976 sentence was illegal because the sentence was imposed in the aggregate versus by individual counts, that prior Seventh Circuit precedent has held that due process was denied when the Parole Board refused to review inmates' parole status after serving one-third of the sentences imposed, and that he has been denied a parole hearing according to D.C. Code § 2.65(g). Dkt. No. 21 at 3-7.

Engram is serving a combination of consecutive federal and D.C. sentences. Where an inmate has mixed sentences, an inmate's parole eligibility date is determined by aggregating those mixed sentences:

> This [§2.65] regulation applies to all prisoners serving any combination of U.S. and D.C. Code sentences that have been aggregated by the U.S. Bureau of Prisons. Such individuals are considered for parole on the basis of a single parole eligibility and mandatory release date on the aggregate sentence. Pursuant to [28 C.F.R. § 2.5], every decision made by the Commission, including the grant, denial, and revocation of parole, is made on the basis of the aggregate sentence.

28 C.F.R. § 2.65. In other words, the date for parole eligibility is not individually set for each of Engram's sentences, but instead is set for the total sum of all of Engram's federal and D.C. sentences.

The Federal Bureau of Prisons (BOP) is tasked with determining the parole eligibility date for prisoners; not the Parole Commission. "When multiple sentences are aggregated by the Bureau of Prisons . . . such sentences are treated as a single aggregate sentence for the purpose of every

action taken by the Commission pursuant to these rules, and the prisoner has a single parole eligibility date *as determined by the Bureau of Prisons*." *See* 28 C.F.R. §2.5 (emphasis added).

In response to Engram's petition, the BOP determined that Engram's parole eligibility date is June 15, 2020, based on the aggregate of the mandatory minimum of Engram's two D.C. sentences of 63 years (which would have resulted in a parole eligibility date of December 17, 2036) and subtracting 6,028 days of jail credit time. Dkt. No. 19-5; Dkt. No. 19-7. The parole eligibility date for Engram is June 15, 2020. Dkt. No. 19-7.

Under 28 C.F.R. § 2.12(a), an initial parole hearing is required to be held nine months prior to the completion of the minimum term of imprisonment required to be served. Based on Engram's parole eligibility date, Engram is entitled to an initial hearing on or about September 13, 2019. That date has not yet passed.

Engram's challenges in response are misplaced. He first argues that his 1976 sentence was illegal because the sentence was imposed in the aggregate versus by individual counts. His 1976 sentence was imposed by counts and not as a single aggregated sentence:

> Counts A, C & F - Not less than 15 years to not more than life on each of said counts, concurrent with each other but consecutive with all else whether herein or previously imposed;
>
> Count H - Not less than 15 years to not more than life, consecutive;
>
> Counts K & P - Not less than 15 years to not more than life on each of said counts, concurrent with each other but consecutive with all else whether herein or previously imposed;
>
> Count M - Not less than 15 years to not more than life, consecutive;
>
> Count Q - Not less than 40 months to not more than 10 years, concurrent;
>
> FOR A TOTAL SENTENCE OF: Not Less than 60 years to not more than life, consecutive.

8

Dkt. No. 19-3.

Engram next argues that prior Seventh Circuit precedent has held that due process was denied when the Parole Board refused to review inmates' parole status after serving one-third of the sentences imposed. Engram's argument is misplaced as he is serving a sentence of not less than 60 years imprisonment to life imprisonment, to run consecutive to other sentences. "[A] prisoner may not be paroled earlier than the completion of any judicially set minimum term of imprisonment or other period of parole ineligibility fixed by law." 28 CFR § 2.12. Engram fails to show his parole date is any earlier than his minimum term of imprisonment as calculated by the BOP.

Finally, Engram argues he is being denied a parole hearing according to D.C. Code § 2.65(g). D.C. Code § 2.65(g) provides that "The Commission shall, in accordance with § 2.12 of these regulations, conduct an initial hearing to determine the federal time." D.C. Code § 2.12(a) provides relevantly that: "that in a case of a prisoner with a minimum term of parole ineligibility of ten years or more, the initial hearing will be conducted nine months prior to the completion of such a minimum term, or as soon thereafter as practicable." The BOP has complied by setting an initial hearing nine months prior to the completion of Engram's minimum term of parole ineligibility.

Because the BOP has set the parole eligibility date for Engram on June 15, 2020, and determined he is entitled to an initial hearing on or about September 13, 2019, which has not yet passed, Engram fails to show he has been denied due process at this time. No habeas relief is available to Engram on the grounds that he was allegedly denied due process related to his parole.

## C. Challenge to his 1976 D.C. Conviction

Engram challenges his 1976 D.C. Conviction, arguing that the primary witness agreed to provide false testimony to have charges against her dropped, and the sentencing judge was unfamiliar with the case when sentencing him.

It is well-settled that a collateral challenge to a District of Columbia offender's conviction or sentence is to be brought pursuant to D.C. Code. § 23-110 and filed in the Superior Court of the District of Columbia. *Swain v. Pressley*, 430 U.S. 372, 375 (1977). Specifically, § 23-110(a) provides:

> (a) A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, [or] (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

D.C. Code § 23-110 (2018). Further, under § 23-110(g), District of Columbia prisoners are precluded from bringing habeas claims in federal court unless the local remedy is "inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g) (2018); *see also Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23–110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23–110(a).").

"Section 23-110 is not inadequate or ineffective simply because the inmate is prevented from using the remedy multiple times to litigate or relitigate a claim or because the relief sought was denied." *Vaughn v. Maiorana*, No. 1:16-CV-00181, 2016 WL 1389985, at * 3 (M.D. P.A. Apr. 7, 2016) (citing cases). "The determination of whether the remedy available to a prisoner under § 23-110 is inadequate or ineffective hinges on the same considerations enabling federal prisoners to seek habeas review." *Id.* "[T]he focus is on the efficacy of the remedy itself, and a

10

federal court will therefore have jurisdiction only in extraordinary cases, especially given the similarity between the D.C. and federal habeas remedies." *David v. Briggs*, Civ.A.No. 90-2731, 1991 WL 21563, at *3 (D.D.C. Feb. 14, 1991).

The language of D.C. Code § 23-110 is similar to that of 28 U.S.C. § 2255, which is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015). Under very limited circumstances, however, a prisoner may employ Section 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.

Engram fails to show that § 23-110 is inadequate or ineffective to challenge his 1976 rape conviction. His claim that a primary witness provided false testimony could have been brought at trial, on direct appeal, or by motion under D.C. Code § 23-110(a). Indeed, his appeal of his post-conviction proceeding is still proceeding at the Court of Appeals for the District of Columbia.

Additionally, his other claim that the sentencing judge was unfamiliar with the record was already considered and rejected by the Court of Appeals for the District of Columbia in 1980:

> Third, both appellants state that their sentences "must be vacated because the sentencing judge, who had not presided at the trial, was not sufficiently familiar with the facts of the case to be able to render an appropriate sentence." A judge must be satisfied that he can sentence a defendant, despite his not having presided

11

> at trial, but need not certify that he has familiarized himself with the record. We hold that the presentence reports, which the judge read prior to sentencing, contained sufficient information adequately to familiarize the judge with the facts.

*Gaffney v. United States*, 421 A.2d 924, 930-31 (D.C. 1980). Engram's claim here is foreclosed by the law of the case and he has failed to provide a good reason why the Court should reexamine any of the prior holdings on the issue. *See Fuller v. United States*, 398 F.3d 644, 648 (7th Cir. 2005) ("In the context of § 2255 petitions, the law of the case doctrine dictates that once this court has decided the merits of a ground of appeal, that decision establishes the law of the case and is binding on a [court] asked to decide the same issue in a later phase of the same case, unless there is some good reason for reexamining it.") (internal citations and quotations omitted). Because Engram has failed to show that § 23-110 is inadequate or ineffective to challenge his 1976 rape conviction, habeas relief is not available to Engram on this ground.

### D.    District of Columbia's Lack of Jurisdiction

Engram finally argues that the District of Columbia lost jurisdiction in 1981 when he was prematurely transferred to a correctional facility in Illinois. He alleges that he is entitled to immediate release.

The United States did not address Engram's argument, so Engram argues, in reply, that habeas corpus must be granted because the "Government failed to carry its burden of proof." Dkt. No. 21 at 1-3. Engram is mistaken. "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." *Smith v. Warden, FCC Coleman – Low*, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted).

Although Engram argues that he is entitled to full release because he was improperly transferred from the Lorton Penitentiary in D.C. to the United States Penitentiary in Marion, Illinois, in 1981, he provides no authority in support. Nor can the Court find any support for such.

This is because the District of Columbia did not lose jurisdiction over his criminal case simply because he had been temporarily transferred to another correctional facility. Moreover, any challenge to jurisdiction would appropriately be brought in a motion under D.C. Code § 23-110, and not a habeas petition in this Court. In short, no habeas relief is available to Engram on this ground either.

### III. Conclusion

For the foregoing reasons, Engram has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. Further, there is no due process violation in the Bureau of Prisons' calculation of Engram's parole eligibility date and his challenge to that calculation is without merit. His petition for a writ of habeas corpus is **denied**. The dismissal of this action is with prejudice. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/15/2019

*William T. Lawrence*

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

WILLIE C. ENGRAM
36588-118
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Electronically Registered Counsel